**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  22-cv-22991-JB**

ISLAND GARDENS DEEP HARBOUR
LLC,

     Plaintiff,

FLORIDA AUTO ADVANTAGE, LLC,

     Intervening Plaintiff,

v.

M/Y DESLIZE, 1996 112' Broward Port
House, *in rem*, *et al.*,

     Defendants.
_____/

**ORDER ON SUBSTITUTE CUSTODIAN'S MOTION FOR PAYMENT OF
<u>CUSTODIAL FEES FROM FUNDS IN COURT REGISTRY</u>**

**THIS CAUSE** came before the Court on Substitute Custodian RMK Merrill Stevens, LLC's ("RMK") Motion for Payment of Custodial Fees From Funds in Court Registry ("Motion").  ECF No. [92].  Plaintiff Island Gardens Deep Harbour LLC filed a Notice of Joinder and Non-Objection in support of the Motion. ECF No. [93]. Intervening Plaintiff Florida Auto Advantage, LLC filed a response in opposition to the Motion, and RMK filed a reply.  ECF Nos. [97], [[99].  Upon due consideration of the parties' submissions, the record, and the relevant legal authorities, for the reasons explained below, the Motion is granted in part and deferred in part.

**I.**    **PROCEDURAL BACKGROUND**

The facts pertinent to the Motion are as follows.  On September 21, 2022, the Court, at Plaintiff's request, issued an Order Directing the Issuance of the Warrant

for Arrest of Defendant M/Y Deslize. ECF No. [9]. The same day, the Court also granted Plaintiff's Motion to appoint RMK as substitute custodian of the M/Y Deslize (the "Vessel"). ECF No. [8]. In Plaintiff's Motion to Appoint Substitute Custodian, Plaintiff stated that the Vessel "will either remain at its current location [at Plaintiff's marina] or be moved to [RMK's facility] in Miami, Florida . . . ." ECF No. [5] at ¶ 4.

The Motion to Appoint Substitute Custodian attached an Affidavit from the Chief Executive Office of RMK, which stated that the "total charge for [its] services shall be the fees as set forth in the [attached] schedule . . . ." ECF No. [5-1] at ¶ 1. The schedule of invoices submitted therewith reflected a total daily charge of $1,072.42 (i.e., $9.57 per foot per day),[1] *id.* at 10, which is the same daily custodial rate charged by the U.S. Marshal. Despite this, the Motion stated that RMK "is prepared to provide [custodial services] at a cost substantially less than that presently required by the [U.S.] Marshal." *Id.* at ¶¶ 3-4. The Court's Order Appointing Substitute Custodian incorporated this requirement, stating that "the Substitute Custodian will provide security, wharfage, and routine services for the safekeeping of the [Vessel] at a cost substantially less than that presently required by the Marshal." ECF No. [8].

On October 18, 2022, Intervening Plaintiff filed its Intervening Complaint in Admiralty. ECF No. [19]. Intervening Plaintiff did not file any objection to the appointment of RMK, or the proposed charges it previously submitted. On March 8, 2023, the Court entered an Order to Sell Defendant Vessel M/Y Deslize, which

---

[1] The Vessel is 112 feet in length.

granted Plaintiff's Unopposed Motion for Interlocutory Sale of the Vessel. ECF No. [48]. In the Order to Sell, which the Court entered with the agreement of the Parties, the Court stated that "[a]ll reasonable charges incurred by . . . the Court appointed Substitute Custodian . . . with respect to maintenance and safekeeping of the vessel and the cost of advertisement for sale by the United States Marshal, shall be expenses of sale and will be taxed as costs of *custodia legis* against the proceeds of the sale." *Id*. at ¶ 7. Again, Intervening Plaintiff did not object to or otherwise dispute the reasonableness of RMK's charges.

On April 26, 2023, the Vessel was sold via U.S. Marshal sale to Intervening Plaintiff for $475,000.00. ECF No. [49]. Plaintiff then filed a Motion for Confirmation of Sale, certifying that no objections to the sale were filed, the deadline to object had passed, and requesting that the Clerk of Court confirm sale of the Vessel to Intervening Plaintiff. ECF No. [52]. Accordingly, on May 4, 2023, the Clerk entered a Confirmation of Sale. ECF No. [53].

Shortly thereafter, a dispute arose regarding payment of RMK's *custodia legis* charges. Plaintiff and Intervening Plaintiff disagreed as to the correct allocation of responsibility between them for payment of RMK's fees. As a result, RMK did not release the Vessel because its *custodia legis* expenses had not been satisfied, and thus *custodia legis* charges continued to accrue.

On October 2, 2023, the Court granted the parties' Joint Agreed Motion to Approve Sale of the Vessel, and the Vessel was sold to a third-party purchaser. ECF No. [90]. RMK released the Vessel from arrest on October 31, 2023. ECF No. [92] at

3

3. As such, RMK acted as Substitute Custodian of the Vessel for 396 days. *Id.*

## II. THE INSTANT MOTION

RMK filed its Motion for Payment of Custodial Fees From Funds in Court Registry. ECF No. [92]. The total *custodia legis* expenses that RMK seeks is $399,751.58, or $9.01 per foot per day. *Id.* RMK attests that the custodial services it provided were for "dockage, security, insurance, electricity (shore power), regular safety checks and other routine services for the safekeeping of the Vessel." ECF No. [92-1] at ¶ 11. RMK also submitted copies of its invoices, which reflect that it stored the Vessel in the water at its "MS North Yard" and provided "safe harbour [sic] for 2022 Hurricane Season," but RMK does not explain what such services entailed. ECF No. [92-1] at 6-40. RMK argues that its charges are reasonable and requests payment from the monies that Intervening Plaintiff deposited in the Court registry following its purchase of the Vessel and Court's Order Approving Sale of the Vessel.[2] ECF No. [92] at 5. RMK contends that as substitute custodian, it is entitled to priority reimbursement from the Vessel's sale proceeds as an administrative cost. *Id.*

Intervening Plaintiff filed a Response in Opposition to the Motion. ECF No. [97]. Intervening Plaintiff argues that it would be inequitable to award RMK the total costs it seeks because its charges are unreasonable for the services provided. *Id.* Intervening Plaintiff contends that the amount requested is excessive because it is significantly more than Plaintiff charged when it provided dockage and other services

---

[2] Intervening Plaintiff deposited $62,500.00 after the U.S. Marshal sale, ECF No. [54], and $412,500.00 as required by the Court's Order Approving Sale, ECF No. [90].

4

to the Vessel, which totaled $5.40 per foot per day, and exceeds the rates charged by substitute custodians in other cases in this District, which range between $1.25 and $4.00 per foot per day for custodial costs. *Id*. at 8.

Intervening Plaintiff also argues that the charges sought are unreasonable given the nature of the services that RMK provided. Intervening Plaintiff contends that RMK docked the Vessel "against a seawall on an unused part of the yard" for the 14-month period it acted as Substitute Custodian.[3] ECF No. [97] at 11. Intervening Plaintiff further complains that there is no evidence that RMK incurred any out-of-pocket costs because it did not submit any "actual invoice[s] for electric consumption," and it appears that RMK did not provide security to prevent entry into its shipyard or the Vessel. *Id*. Intervening Plaintiff asserts that a reasonable custodial rate in this case is $3.60 per foot per day. *Id*.

In its Reply, RMK argues that Intervening Plaintiff is estopped from challenging its *custodia legis* rate because Intervening Plaintiff did not previously file a motion disputing the rate, nor did it attempt to move the Vessel to a less expensive substitute custodian. ECF No. [99] at 4-6. RMK also argues that the requested costs are reasonable because it "acts as proxy of the U.S. Marshal" which charges a higher rate ($9.57 per foot per day) than RMK seeks. *Id*. at 3. RMK further notes that the estimate it provided to the Court with Plaintiff's Motion for Appointment of Substitute Custodian similarly reflected the higher daily rate of $1,072.42, or $9.57 per foot. *Id*. Finally, RMK contends that the daily rate it seeks ($9.01 per foot) is

---

[3] RMK does not dispute this assertion. *See* ECF No. [99].

reasonable because it provided additional services beyond dockage, namely regular inspections and on-call availability in the event of an emergency, and its rate is consistent with those charged recently by other substitute custodians in this District for large vessels, which it asserts range between $6.00 and $19.77 per foot per day. *Id.* at 7-10.

### III.   ANALYSIS

A substitute custodian is responsible for keeping an arrested vessel "in a safe and secure manner so as to protect it from injury to end that, whether it be condemned or restored to the owner, its value to the parties will not have been impaired by unnecessary deterioration or damage for which the custodian could be responsible." *Julien v. M/Y Pacific II*, No. 09-cv-22457, 2010 WL 11647170, at * 4 (S.D. Fla. July 2, 2010) (citation omitted).  "[S]ervices or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court should be allowed as *custodia legis* expenses." *Associated Metals & Mins. Corp. v. Alexander's Unity MV*, 41 F.3d 1007, 1018 (5th Cir. 1995) (cleaned up) (quoting *Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Expl.*, 668 F.2d 811, 816 (5th Cir. 1982)).  *Custodia legis* expenses are entitled to priority over all lien claims "when the dictates of equity and good conscience so require." *Dresdner Nat'l Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1272 (11th Cir. 2006).

The Eleventh Circuit has explained that the underlying policy of the *custodia legis* doctrine is to "contro[l] custodial expenses and preserv[e] the *res* for valid lienholders." *Dresdner*, 465 F.3d at 1274-75 (citation omitted). For this reason, courts require that *custodia legis* expenses be reasonable. *See e.g., Robbie's of Key West v. M/V Komedy III*, No. 19-cv-10193, 2020 WL 13389894, at * 3 (S.D. Fla. Nov. 4, 2020) (recognizing that "the Court must still use its 'broad equitable powers' to ensure that the expenses are reasonable, and that justice is served."); *Julien*, 2010 WL 11647170, at * 5 ("*Custodia legalis* expenses are paid from the fund within the court's control 'only to the extent that they are reasonable.'") (citation omitted).

RMK argues that its fees are reasonable because the estimate that RMK submitted to the Court with Plaintiff's Motion for Appointment of Substitute Custodian reflected a daily rate of $1,072.41 (or $9.57 per foot), which is higher than the rate it seeks now. ECF No. [99] at 3. This argument ignores the language of the Court's Order Appointing Substitute Custodian, which explicitly states that RMK will provide its services "at a cost *substantially less*" than that presently required by the Marshal." ECF No. [8] (emphasis supplied). Further, a court is free to reduce the amount claimed for custodial expenses even though the particular rate requested was previously authorized by court order. *See Julien*, 2010 WL 11647170 at *6-7.

RMK also argues that its rate is reasonable because other substitute custodians in this District have recently charged daily rates ranging between $6.00 and $19.77 per foot. ECF No. [99] at 9. The Court is not persuaded. RMK does not cite any published decisions where these rates have been awarded, nor does it specify

7

whether these rates were allowed over objection, as RMK asks the Court to do here. The Court's own research identified three cases that RMK referenced in its Reply where a district court recently awarded *custodia legis* expenses in excess of the rate that RMK requests. *See Rybovich Boat Company, LLC v. M/Y Blue Star*, No. 20-cv-80136, 546 F. Supp. 3d 1270, 1275-76 (S.D. Fla. 2021) (awarding daily rate of $10.35 per foot); *SHM LMC, LLC v. M/Y Triumphant Lady*, No. 23-cv-61259, 2024 WL 4242283, at * 4 (S.D. Fla. Sept. 4, 2024), *report and recommendation adopted*, No. 23-cv-61259 at ECF No. [27] (S.D. Fla. Sept. 19, 2024) (awarding daily rate of $7.61 per foot); *Centennial Bank v. M/Y Why Not*, 22-cv-22883, 2023 WL 7284586, at *3-4 (S.D. Fla. Sept. 25, 2023) *report and recommendation adopted by*, 2023 WL 7279411, at * 1 (S.D. Fla. Nov. 3, 2023) (awarding daily rate of $10.90 per foot). However, the Court finds that these cases are distinguishable because no party objected to the amount of *custodia legis* expenses requested. *See Rybovich Boat*, 546 F. Supp. 3d at 1276 (explicitly noting that award was made "without objection"); *M/Y Triumphant Lady*, 2024 WL 4242283 at * 1 (granting in part motion for default final judgment where no response filed); *Centennial Bank*, 2023 WL 7284586, at * 1 (granting motion to tax costs where no response filed).

For its part, Intervening Plaintiff asserts that the average rate for custodial services charged by marinas in this District is at most $4.01 per foot, per day. ECF No. [97] at 10. Intervening Plaintiff also notes that RMK previously charged $4.00 per foot, per day for custodial services in a different case, and Plaintiff charged $5.40 per foot, per day when it provided dockage and other services to the Vessel. *Id*. at 8.

Intervening Plaintiff requests that the Court award an even lower daily rate, $3.60 per foot. *Id*. at 11.

It is true that courts in this District, including this Court, have recently awarded *custodia legis* rates within the range that Intervening Plaintiff suggests. *See e.g., Seacoast National Bank v. M/Y Viaggio*, No. 22-cv-62311, 2023 WL 6930685, at * 7 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, 2023 WL 6908985, at * 1 (S.D. Fla. Oct. 18, 2023) (awarding rate of $2.97 per foot, per day); *Naval Logistic, Inc. v. A 58' Montery Motor Vessel*, No. 22-cv-22539, 2024 WL 1286259, at * 4 (S.D. Fla. Jan. 16, 2024), *report and recommendation adopted*, 2024 WL 1285526, at * 1 (S.D. Fla. March 26, 2024) (awarding *custodia legis* charges at daily rate of $3.36 per foot); *Naval Logistic, Inc. v. M/B Vamonos*, No. 22-cv-22540, 2024 WL 662344, at * 5 (S.D. Fla. Jan. 16, 2024), *report and recommendation adopted*, 2024 WL 664535, at * 1 (S.D. Fla. Feb. 16, 2024) (awarding *custodia legis* charges at daily rate of $3.41 per foot). However, as RMK points out, Intervening Plaintiff did not file a motion challenging RMK's daily rate, or attempt to move the Vessel to a less expensive custodian, during the period that RMK acted as substitute custodian. ECF No. [99] at 4. Intervening Plaintiff does not explain the reason(s) for this failure or attempt to justify its delay. Further, RMK's services in preserving the Vessel benefitted Intervening Plaintiff, and Intervening Plaintiff makes no argument to the contrary.

In determining the reasonable value of *custodia legis* expenses, the Court has "broad equitable powers . . . to ensure that justice is served." *Julien*, 2010 WL

9

11647170, at * 5 (citations omitted). Having fully considered the record, the underlying policy of the *custodia legis* doctrine, and the range of court-approved rates for substitute custodians, the Court concludes that $5.00 per foot, per day is reasonable under these circumstances to adequately compensate RMK for its custodial services in this action. *See supra* at 8-9; *see also YCM Acquisition LLC v. M/Y Delia*, No. 22-cv-22319, 2022 WL 18705488, at * 4 (S.D. Fla. Dec. 21, 2022) (awarding *custodia legis* expenses at daily rate of $5.16 per foot); *P&L Towing & Transportation v. M/V Gar-den S*, No. 21-cv-23062, 2022 WL 1812386, at * 4 (S.D. Fla. May 13, 2022), *report and recommendation adopted*, 2022 WL 1801235, at * 1 (S.D. Fla. June 2, 2022) (awarding *custodia legis* expenses at daily rate of $5.11 per foot); *Fincantieri Marine Repair LLC v. M/V Geysir*, No. 22-cv-410, 2023 WL 2217272, at * 13 (M.D. Fla. Feb. 4, 2023) (awarding substitute custodian fee at daily rate of $5.12 per foot).

Finally, the Court declines, at this time, to address the remainder of the Motion, which requests that the *custodia legis* expenses awarded herein be paid entirely from Intervening Plaintiff's funds in the Court registry. The parties previously attended a settlement conference before Chief United States Magistrate Judge Edwin G. Torres, which was adjourned. ECF No. [108]. In order to allow the parties a meaningful opportunity to exhaust their attempts at reaching an informal resolution, the Court will defer ruling on the remainder of the Motion pending completion of the settlement conference. An order referring this matter to Chief

Magistrate Judge Torres for a continued settlement conference will be entered separately.

**IV.   CONCLUSION**

For the reasons stated above, Substitute Custodian's Motion for Payment of Custodial Fees From Funds in Court Registry, ECF No. [92], is **GRANTED IN PART AND DEFFERED IN PART** as set forth herein.

**DONE AND ORDERED** in Miami, Florida, this 25th day of September, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**